**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| TIERRE J. PROBASCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. EP-17-CV-00203-FM |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| AND MICHAEL GONZALEZ | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT MICHAEL GONZALEZ'S RULE 12(B)(6) MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW TIERRE J. PROBASCO (Plaintiff), and files this his Response in Opposition to Defendant Michael Gonzalez's Rule 12(B)(6) Motion to Dismiss (Doc. 6), and in support of this response would respectfully show the Court as follows:

**I.    RELIEF REQUESTED**

1.    Plaintiff requests that Defendant Michael Gonzalez's Rule 12(b)(6) motion to dismiss for lack of subject matter jurisdiction be denied.

**II.    BACKGROUND FACTS**

2.    On or about May 22, 2017, Plaintiff TIERRE J. PROBASCO brought a state court action against Defendants WAL-MART STORES TEXAS, LLC ("WAL-MART"), and MICHAEL GONZALEZ ("Gonzalez"), asserting state law claims of sexual discrimination/harassment discrimination, retaliation, race discrimination and national origin discrimination against WAL-MART in violation of Chapter 21 of the Texas Labor Code and various state law claims against Gonzalez. [Plaintiff's Original State Court Petition filed

05/22/2017 pp. 1-7.]

3.      On June 30, 2017, Defendants removed the action purportedly based on diversity of citizenship, claiming Plaintiff and Defendants WAL-MART is a citizen of a different state and Defendant Gonzalez was improperly joined.   [Doc. 1, pp. 1-4.]

4.      On August 25, 2017, Gonzalez filed his Rule 12(b)(6) Motion to Dismiss (Doc. 6.)

### III.     ARGUMENT AND AUTHORITY

**A.     The Court should first determine whether it has subject matter jurisdiction.**

5.      The Supreme Court has made it clear that a district court has leeway as to the order in which to decide jurisdictional challenges or "nonmerits" grounds for dismissal (*i.e.,* subject matter jurisdiction, *in personam* jurisdiction, or *forum non conveniens* dismissal), but "may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject matter jurisdiction) and the parties (personal jurisdiction)."   *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31, 127 S.Ct. 1184, 1190-92, 167 L.Ed. 2d 15 (2007). This is because "[w]ithout jurisdiction the court cannot proceed at all in any cause" and a district court "may not assume jurisdiction for the purpose of deciding the merits of the case."   *See Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed. 2d 210 (1998), *citing Ex parte McArdle,* 74 U.S. 506, 7 Wall. 506, 514, 19 L.Ed. 264 (1869).   The Court accordingly should first determine if it has subject matter jurisdiction over the case.

**B.     Response to Gonzalez's 12(B)(6) motion.**

6.      Notwithstanding the above, Gonzalez's Rule 12(b)(6) motion should be denied. The arguments contained herein show Gonzalez was not improperly joined and Gonzalez's Rule 12(b)(6) motion should be denied as discussed below.

2

7.     A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.  *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).   In a Rule 12(b)(6) motion for failure to state a claim, the Court accepts well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff, and the motion should be denied if the Plaintiff pleads enough facts to state a plausible claim for relief, assuming the allegations are true. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

8.     Accordingly, a Rule 12(b)(6) Motion should be denied if the Plaintiff pleads facts to state a plausible claim to relief, even if the facts assumed as true for purposes of the motion are doubtful in fact.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007).   The plausibility standard is not a "probability" requirement, but asks for more than a sheer possibility that a Defendant has acted wrongfully, and a pleaded claim is facially plausible when the Plaintiff pleads factual content that allows the district court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.   *See Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-50.

9.     Moreover, since the federal pleading rules is a notice practice (and no longer requires "demurrer" or other rules where evidence must conform to pleadings), a complaint does not require "magic words" but must only set forth "factual allegations, *either direct or inferential*, respecting each material element necessary to sustain recovery under some actionable legal theory." *See, e.g., Podiatrist Ass'n v. La Cruz Azul du P.R., Inc.,* 332 F.3d 6, 18-19 (1st Cir. 2003); *Begala v. PNC Bank,* 214 F.3d 776, 779 (6th Cir. 2000). Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense.   *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955, 167 L.Ed. 2d 929.

10.     A Rule 12(b)(6) motion is proper only when the Court can determine its merits solely from the pleadings or other uncontested documents "upon which the complaint solely relies and which [are] integral to the complaint."  *See Roth v. Jennings,* 489 F.3d 499, 509 (2nd Cir. 2007).   When a 12(b)(6) motion is based on an affirmative defense such as limitations, the facts establishing the defense must be "definitively ascertainable from the complaint" (or other allowable source of information) and must "establish the affirmative defense with certitude."  *See Gray v. Evercore Restructuring L.L.C.,* 544 F.3d 320, 324 (1st Cir. 2008).

11.     Finally, if a complaint is vulnerable to a Rule 12(b)(6) motion, the district court must permit an opportunity for a curative amendment (even if the party does not seek leave to amend) unless the Court determines it would be inequitable or futile.  *See Travelers Indem. Co. v. Dammann & Co.,* 594 F.3d 238, 256 (3rd Cir. 2010).   This means the district court should allow leave to amend unless the Plaintiff cannot prevail under any scenario based on the facts alleged in the complaint.  *See Carroll v. Fort James Corp.,* 470 F.3d. 1171, 1177 (5th Cir. 2006).

12.     ***Plaintiff's pleaded claims against Gonzalez.***   Here, Plaintiff has plausibly pleaded specific and detailed factual allegations respecting each material element necessary to sustain recovery against Gonzalez for claims of defamation, tortious interference with existing contractual relations, civil conspiracy, and assault, which are recognized as valid claims under Texas law for which Defendant Gonzalez can be liable if the allegations are shown to be true.  *See* Plaintiff's petition pp. 1-7 (pleading detailed and specific underlying facts); pp. 1-7(pleading claims against Gonzalez for defamation, tortious interference/civil conspiracy, and assault against Gonzalez, all recognized under Texas law). Further discussion of each claim follows below.

13.     ***Defamation***. As for Plaintiff's defamation and tortious interference claims, Gonzalez misstates what Plaintiff has pleaded and alleged, (2) misstates the law of defamation and

4

tortious interference with existing and/or prospective contractual relations, and (3) misapplies the standard of review for a Rule 12(b)(6) motion to dismiss, as discussed below.

14.     First, contrary to what Gonzalez claims, Plaintiff pleaded (among other things) that:

## DEFAMATION

Plaintiff PROBASCO hereby alleges the above paragraphs as if fully set forth herein. Defendant GONZALEZ made false, malicious and defamatory statements to third persons concerning Plaintiff PROBASCO'S honesty and job and work performance, and told other individuals who worked with Plaintiff PROBASCO that he was dishonest and failed to perform or inadequately performed his job duties, which statements were objectively false and injured his reputation for honesty and his reputation in his profession and work. Defendant GONZALEZ made these false and defamatory statements with malice, and without a legitimate business purposes, and Defendant GONZALEZ knew such statements were false when he made them, or were made with reckless disregard for the truth. The acts and conduct of Defendant GONZALEZ gives rise to a claim for defamation, in violation of Texas common law.

15.     Second, the law of defamation and tortious interference does not require the Plaintiff to have personal knowledge of Defendant's defamatory statements or tortious conduct (particularly when, as here, Plaintiff's pleading did not allege this, but instead alleged that Gonzalez's defamatory statements were made to *third persons*) and like any claim, also does not require that Plaintiff establish his claims solely from his own personal knowledge.

16.     For example, under Texas law, to maintain a claim for defamation a Plaintiff must show (with direct or circumstantial evidence) the Defendant (1) published a false and defamatory statement of fact concerning the Plaintiff, (2) while acting with malice or negligence (depending on whether the Plaintiff was a public or private figure or public official) or without regard to fault when statements involve private parties and issues ("strict liability"), (3) that caused Plaintiff to suffer actual or presumed injury.  *See Bentley v. Bunton,* 94 S.W.3d 561, 579 (Tex. 2002); *Turner v. KTRK TV, Inc.,* 38 S.W.3d 103, 117, 119 (Tex. 2000); *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d

5

568, 571 (Tex. 1998); *Cain v. Hearst Corp.,* 878 S.W.2d 577, 580 (Tex. 1994).

17.     A false statement is defamatory if it expressly or impliedly asserts facts that are objectively verifiable that tend to damage a person's reputation, exposing him or her to public hatred, contempt, ridicule, or financial injury, or impeaches a person's honesty, virtue, or reputation.  *Bunton,* 94 S.W.3d at 580.   A false statement is "per se" defamatory if it injures a person in his or her office, profession, or occupation or imputes that a person has committed a crime.  *Cain,* 878 S.W.2d at 580; *Moore v. Waldrop,* 166 S.W.3d 380, 384 (Tex. App. – Waco 2005, no pet.).   A "qualified privilege" (such as an employer's qualified privilege for statements concerning an employee's job performance) must be pleaded as an affirmative defense and is not available as a defense when a Defendant acts with malice, which is what Plaintiff pleaded in this case.  *See Dixon v. Southwestern Bell Tel. Co.,* 607 S.W.2d 240, 242 (Tex. 1980).[1]  "Malice" in a defamation case means the false statement is made with knowledge of its falsity or with reckless disregard for the truth (which is what Plaintiff pleaded in this case).  *See Bentley,* 94 S.W.3d at 590; *New Times, Inc. v. Isaacks,* 146 S.W.3d 144, 161-62 (Tex. 2004).

18.     As the above shows, defamation does not require that defamatory statements be made personally to the Plaintiff or that Plaintiff be personally aware of such defamatory statements, particularly when no depositions have yet been taken in this case. Plaintiff pleaded Gonzalez's defamatory statements were made to others with malicious intent that caused him to suffer injury to his reputation for honesty and his reputation in his profession and work. Plaintiff has plausibly pleaded defamation claims against Gonzalez. Like any Plaintiff, Plaintiff should have

---

[1]"Malice" in defamation means the false statement is made with knowledge of its falsity or with reckless disregard for the truth.  *New York Times, Inc. v. Isaacks,* 146 S.W. 3d 144, 161-62 (Tex. 2004).

the opportunity to develop and prove his defamation claims against Gonzalez through discovery

in this case. *See McKee v. Kansas City So. Ry. Co.,* 358 F.3d 329, 333-34 (5th Cir. 2004) ("[t]he

district court must also take into account the 'status of discovery' and consider what opportunity

the Plaintiff has had to develop its claim against the non-diverse Defendant" in deciding whether

Defendant was improperly joined).

19.     ***Tortious Interference/Civil Conspiracy***. Plaintiff has also pleaded viable and

plausible claims against Gonzalez for tortious interference with existing contractual relations and

a claim for participatory liability against Gonzalez based on the doctrine of civil conspiracy under

Texas law.   *See* Plaintiff's petition pp. 3-7 (pleading underlying facts); pp. 6-7 and 9-10 (pleading

claims for tortious interference/civil conspiracy).

20.     Plaintiff has plead the following

**TORTIOUS INTERFERENCE/CIVIL CONSPIRACY**

Plaintiff PROBASCO hereby alleges the above paragraphs as if fully set forth herein.
Defendants GONZALEZ and WAL-MART agreed and conspired to wrongfully and
unlawfully cause Plaintiff PROBASCO to be discriminated and retaliated against, and to
be wrongfully and unlawfully terminated in violation of Tex. Labor Code Sections 21.051,
21.055, 21.056, 21.110, and 21.125.   Plaintiff had a valid and existing at-will contract of
employment with Defendant WAL-MART.   Defendant GONZALEZ willfully and
intentionally interfered with Plaintiff's employment relationship with Defendant WAL-
MART, and intentionally and wrongfully caused Plaintiff to be terminated from his
employment relationship for his own personal benefit and without a business purpose for
or on behalf on Defendant WAL-MART.
To further the objective of the conspiracy, Defendant GONZALEZ engaged in overt acts
by making false, malicious, and defamatory statements by making false, malicious, and
defamatory statements concerning Plaintiff PROBASCO'S honesty and job and work
performance, which statements were objectively false and injured his reputation for
honesty and his reputation in his profession and work. Defendant GONZALEZ made these
false and defamatory statements with malice, and without a legitimate business purposes,
and Defendant GONZALEZ knew such statements were false when he made them, or were
made with reckless disregard for the truth.
The acts and conduct of Defendant GONZALEZ gives rise to a claim for tortious
interference with Plaintiff's existing contractual relations, and a claim for participatory

liability against Defendant GONZALEZ based on the doctrine of civil conspiracy under Texas law.

*See* Plaintiff's Original Petition pp. 6-7 and 9-10.

To recover for tortious interference, a Plaintiff must show the Defendant willfully and intentionally interfered with a valid contract and such interference proximately caused the Plaintiff to suffer injury.   *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 207 (Tex. 2002).   *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 207 (Tex. 2002).   An at-will employment contract is considered a valid contract that will support a tortious interference claim.  *See Juliette Fowler Homes, Inc. v. Welch Assocs.,* 793 S.W.2d 660, 664 (Tex. 1990); *Hood v. Edward D. Jones & Co.,* 277 S.W.3d 498, 502 (Tex. App. – El Paso 2009, pet. denied). A party may also be liable under the doctrine of civil conspiracy when he participates in an agreement to commit a tort, on the theory that each party is responsible for the acts of others done in furtherance of the conspiracy to engage in tortious conduct. *Tilton v. Marshall,* 925 S.W. 2d 672, 681 (Tex. 1996); *Carroll v. Timmers Chevrolet, Inc.,* 592 S.W.2d 922, 925 (Tex. 1979).

21.    To recover for tortious interference with prospective business relations, a Plaintiff must show (1) there was a reasonable probability that the Plaintiff would have entered into a business relationship with a third party, (2) the Defendant intentionally interfered with the relationship in a tortious or unlawful manner, and (3) the interference proximately caused the Plaintiff to suffer actual damage or loss.  *See, e.g., Wal-Mart Stores v. Sturges,* 52 S.W.3d 711, 726 (Tex. 2001) (adopting modern rule (Restatement (Second) of Torts §§ 766B-774A (1979)); *Surprise v. DeKock,* 84 S.W.3d 378, 382 (Tex. App. – Corpus Christi 2002, no pet.).  A party need not prove the contract would have been made "but for" the interference, but must only show the formation of a contract was reasonably probable, considering all the facts and circumstances.

8

*See DeKock,* 84 S.W.3d at 382; *Richardson-Eagle, Inc. v. William M. Mercer, Inc.,* 213 S.W. 3d 469, 475-76 (Tex. App. – Houston [1st Dist.] 2006, pet. denied).   Examples of prospective contracts subject to a tortious interference claim include (but are not limited to) prospective contracts of employment.   *See, e.g.,* Restatement (Second) of Torts § 766B, cmt.c.

22.     Here, after setting forth underlying factual allegations (petition pp. 6-7 and 9-10), Plaintiff plead Gonzalez intentionally and wrongfully interfered with his at-will contract of employment and Gonzalez and Wal-Mart agreed and conspired to wrongfully and unlawfully cause Plaintiff to be discriminated and retaliated against and terminated in violation of Texas Labor Code Sections 21.051, 21.055, 21.056, 21.110, and 21.125, and.   *See* Plaintiff's petition pp. 6-7 and 9-10.   These are viable and plausible claims under Texas law, and whether Gonzalez is liable for his intentional and wrongful conduct is based on the facts and evidence developed in the case.

23.     **Chapter 21 does not preempt Plaintiff claims.**

Defendant attempts to misguide this court and mischaracterizes the ruling *in Waffle House, Inc v. Williams.* 313 SW.3d 796 (Tex. 2010).   Defendant contend that Plaintiff cannot succeed on his defamation, tortious interference, or assault claims against Gonzalez, because the Texas Supreme Court's decision in *Waffle House, Inc. v. Williams* bars those claims as a matter of law. *Id.* In *Waffle House,* the court considered the issue of whether a Plaintiff could recover on a negligence claim, concluding that because "the alleged negligence is rooted in facts inseparable from those underlying the harassment," the common law claims could not survive. *Id.* at 799. Waffle House's main holding was that Chapter 21 preempted negligent hiring and negligent retention claims.   *Id.* at 813.   However, Plaintiff's claims arise out of intention torts not negligence claims.

Defendant further tries to argue that Plaintiff's every cause of action against each Defendant is premised on the same underlying facts as are the TCHRA claims against.   (Defendant Gonzalez Mot pp13-14). However, Plaintiff's defamation, tortious interference, or assault claims against Gonzalez are intentional torts that arise out of a different set of facts and law.

Defendants read *Waffle House* too broadly. "*Waffle House* held that conduct forming the basis of a statutory TCHRA claim against an employer cannot also form the basis of common law negligence claims against the same employer. *Waffle House,* 313 S.W.3d at 809. Yet that rule applied to the *employer;* there is nothing in *Waffle House* that bars a Plaintiff from also asserting intentional torts against individuals." *Id.* at 803. *Patton v. Adesa Texas, Inc*., 985 F. Supp. 2d 818, 821–22 (N.D. Tex. 2013) (citing Waffle House).

As recently as February of 2017, the Texas Supreme court held the *Waffle House* does not preempt intentional torts.   "We have held, and continue to hold, that "[w]here the gravamen of a Plaintiff's case is TCHRA-covered harassment, the Act forecloses common-law theories predicated on the same underlying sexual-harassment facts." *Waffle House*, 313 S.W.3d at 813. However, where the gravamen of the Plaintiff's case is assault, we hold that the TCHRA does not preempt a common law assault claim" *B.C. v. Steak N Shake Operations, Inc.,* 512 S.W.3d 276, 285 (Tex. 2017).

***Assault.*** Gonzalez's claim that he is entitled to a motion to dismiss Plaintiff's assault claims because of insufficient facts plead.   Plaintiff believes he has pleaded viable and plausible claims against Gonzalez for assault, however, if the Court concludes Plaintiff's claims are vulnerable to the motion, then Plaintiff alternatively requests leave to file an amended complaint to plead viable and plausible claims against Gonzalez under Texas law.

10

24.     Finally, as noted, the standard for a Rule 12(b) motion to dismiss is whether a Plaintiff has pleaded enough facts to state a plausible claim to relief, even if the facts assumed as true for purposes of the motion are doubtful in fact.  *See Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); *Twombly,* 550 U.S. 554, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007).   The plausibility standard is not a "probability" requirement, but asks for more than a sheer possibility that a Defendant has acted wrongfully, and a pleaded claim is facially plausible when the Plaintiff alleges factual content that allows the district court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-50.

25.     As the above shows, Plaintiff has pleaded viable and plausible claims against Gonzalez for defamation and tortious interference with existing and/or prospective contractual relations.[2]   Plaintiff's defamation and tortious interference claims do not require that defamatory statements and/or other tortious conduct be made personally to the Plaintiff or that Plaintiff be personally aware of such defamatory statements or other tortious conduct, particularly when, as here, Plaintiff did not allege this and no depositions or other meaningful discovery has taken place for Plaintiff to even have an opportunity to develop his claims against Gonzalez.

26.     Plaintiff pleaded Gonzalez's defamatory statements and other tortious conduct was made to third persons with malicious intent to injure and destroy Plaintiff's existing employment relationship with WAL-MART and his future potential employment relationship with a permanent employer, thereby causing Plaintiff to be terminated and that such defamatory statements caused

---

[2]Because Plaintiff's pleading alleges that Defendant Gonzalez's tortious conduct interfered both with Plaintiff's existing contractual relationship (as an at-will employee) *and* interfered with Plaintiff's prospective contractual relationship (as a permanent employee), Plaintiff has pleaded viable claims for tortious interference with existing and prospective contractual relations under Texas law.

him to suffer injury to his reputation for honesty and his reputation in his profession and work, which caused him to suffer actual damages.

27.    Plaintiff has plausibly pleaded defamation and tortious interference claims against Gonzalez.  Like any Plaintiff, Plaintiff should have the opportunity to develop and prove his defamation and tortious interference claims against Gonzalez through discovery in this case.  *See McKee v. Kansas City So. Ry. Co.,* 358 F.3d 329, 333-34 (5th Cir. 2004) ("[t]he district court must also take into account the 'status of discovery' and consider what opportunity the Plaintiff has had to develop its claim against the non-diverse Defendant" in deciding whether Defendant was improperly joined).

**C.    Alternative request for leave to file amended complaint.**

28.    Gonzalez's Rule 12(b)(6) motion should be denied, but if the Court concludes Plaintiff's claims are vulnerable to the motion, then Plaintiff alternatively requests leave to file an amended complaint to plead viable and plausible claims against Gonzalez under Texas law.

## IV. CONCLUSION AND PRAYER

29.    Gonzalez's motion is based on his belief that he will succeed on the merits, but that is not the issue.   Plaintiff pleaded viable and plausible defamation and tortious interference claims against Gonzalez.   Whatever the evidence shows through discovery in *this case,* Gonzalez failed to establish a right to relief under Rule 12(b)(6), just as Gonzalez failed to show he was improperly joined.   Gonzalez's Rule 12(b)(6) motion to dismiss should be denied.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Court remand the case; alternatively, that Defendant Gonzalez's Rule 12(b)(6) motion be denied; alternatively,

that Plaintiff be permitted leave to file an amended complaint to plead viable claims against

Gonzalez; and for such other relief to which Plaintiff may show himself justly entitled.


Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 Telephone
(915) 532-1759 Facsimile


*/s/ Oscar Mendez*_____
 **OSCAR MENDEZ, JR.**
Texas Bar No. 24058473


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

Clara B. Burns
Jose A. Howard-Gonzalez
Attorneys at Law
P.O. Box 2800
El Paso, Texas 79999-2800
Tel. (915)533-4424
Fax. (915)546-5360
Clara.Burns@kempsmith.com
Abe.Gonzalez@kempsmith.com


*/s/ Oscar Mendez*_____
 **OSCAR MENDEZ, JR.**


13