UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| TIERRE J. PROBASCO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-17-CV-00203-FM |
| § | |
| WAL-MART STORES TEXAS, LLC and § | |
| MICHAEL GONZALEZ, § | |
| § | |
| Defendants. § | |

## ORDER REGARDING REQUEST FOR FEES AND COSTS UNDER 28 U.S.C. § 1447

On this day, the court considered Tierre J. Probasco's ("Plaintiff") "Plaintiff's Request for Entry of Award of $3,000 for Plaintiff's Attorneys' Fees and Cost Under 28 U.S.C. § 1447(d)" ("Motion") [ECF No. 20], filed November 17, 2017 by Plaintiff.

On November 7, 2017, this court entered its "Order Denying Defendant's Motion to Dismiss and Remanding Case" ("Order Remanding Case").[1] Therein, the court denied "Defendant Michael Gonzalez's Motion to Dismiss for Lack of Subject-Matter Jurisdiction" ("Motion to Dismiss"),[2] and further ordered Michael Gonzalez ("Defendant") to pay "just costs and actual expenses to Plaintiff that were incurred as a result of the improper removal."[3] On November 17, 2017, Michael Gonzalez ("Defendant") filed "Defendant Michael Gonzalez's Response to Plaintiff's Submission of Costs and Motion to Reconsider Court's Award of Costs in its 'Order Denying Defendant's Motion to Dismiss and Remanding Case'" ("Defendant's Response").[4] Therein, Defendant opposes the Motion on the grounds that the court should reconsider its Order Remanding Case.[5]

---

[1] ECF No. 18, entered Nov. 7, 2017.

[2] ECF No. 6, filed Aug. 25, 2017.

[3] Ord. Rem. Case 8.

[4] ECF No. 21.

[5] *See generally id.*

The court further ordered Plaintiff to "submit a sworn statement setting forth actual expenses and a breakdown of hours spent in addressing and dealing with the removal and remand of this case," including "an estimated hourly rate based on the community's prevailing rates for attorneys of comparable skill and experience."[6]

Plaintiff requests attorney fees in the amount of $3,000.[7] In support of this request, Plaintiff's counsel affirms that they spent ten hours in preparing and filing Plaintiff's response in opposition to Defendant's Motion to Dismiss.[8] Plaintiff's counsel has failed, however, to comply with this court's order demanding an "estimated hourly rate based on the community's prevailing rates."[9] Plaintiff has provided no evidence whatsoever that this rate is reasonable within the community. Accordingly the court finds the Motion is inadequate.

Based on the foregoing, the court enters the following orders:

1. Plaintiff Tierre J. Probasco is **HEREBY ORDERED** to provide a sworn statement **by no later than February 9, 2018** setting forth actual expenses and a breakdown of the hours spent in addressing and dealing with the removal and remand of this case. This statement **SHALL** include an estimated hourly rate based on the community's prevailing rates for attorneys of comparable skills and experience. **IT IS FURTHER ORDERED** that Plaintiff **SHALL PROVIDE** support for his Motion by presenting evidence of the average hourly rate charged by attorneys of comparable skill in the community for performing the tasks required in response to the removal.

2. Plaintiff is **FURTHER ADVISED** that his failure to comply with this order may result in an order vacating the award of attorney fees.

**SO ORDERED.**

**SIGNED** this **25th** day of **January, 2018**.

*[signature]*

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[6] *Id.*

[7] Mot. 1 ¶ 2.

[8] *Id.* at 2 ¶ 3 (citing Def. Resp.).

[9] Ord. Rem. Case 8.